774 F.2d 1161
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ansuya Amin, M.D., Plaintiff-Appellant,
v.
Appalachian Regional Hospitals, Inc., a Kentucky
Corporation; Ashok R. Patel, M.D. and Ashok R.
Patel, M.D., P.S.C., Defendants-Appellees.
 No. 84-5708
 United States Court of Appeals, Sixth Circuit.
 9/13/85
 
 E.D.Ky.
 AFFIRMED
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY
 Before: ENGEL and MERRITT, Circuit Judges; GIBBONS,* District Judge.
 MERRITT, Circuit Judge.
 
 
 1
 This action raises the issue of whether a contract between a hospital and the head of its radiology department under which all radiological referrals from staff physicians go to the head radiologist rather than a competing radiologist on the hospital's staff unless the referring doctor specifically requests otherwise constitutes an illegal tying arrangement under Section 1 of the Sherman Antitrust Act, 15 U.S.C. Sec. 1.[1] The District Court held that it did not, because the evidence showed that the plaintiff, radiologist Dr. Ansuya Amin, still read a significant portion of the x-rays at defendant Hazard Appalachian Regional Hospital (ARH), despite the referral arrangement between the hospital and its head radiologist, defendant Dr. Ashok Patel, and that there therefore was no tying arrangement. We find that although the District Court resolved the suit on summary judgment, Dr. Amin had sufficient opportunity to show that the arrangement was in fact coercing staff physicians into using Dr. Patel, and in light of her failure to do so, we affirm the decision of the District Court.
 
 
 2
 Dr. Patel, who is certified by the American Board of Radiology (in contrast to Dr. Amin, who is not Board certified), was employed by Dr. Amin until 1981, when the two severed their relationship and began sharing the radiology referrals at Hazard ARH. Both Dr. Amin and Dr. Patel are on the Hazard ARH medical staff, which means that they bill patients directly for their services, and their role as diagnostic radiologists is to read and interpret x-rays upon request by a patient's attending physician. The sharing agreement between Doctors Patel and Amin did not function smoothly, however, and in order to provide higher quality radiological services to the medical staff, the hospital decided in the fall of 1982 to provide exclusive hospital-based radiology services.
 
 
 3
 After both Patel and Amin submitted bids for the radiology contract, Dr. Patel was designated as head of the radiology department and agreed to assure adequate radiological coverage to the medical staff seven days a week, in exchange for which all radiological requests would be referred to Doctor Patel unless the referring physician specifically requested a consultation with Dr. Amin.
 
 
 4
 This new arrangement entered into effect in December, 1982, and although Dr. Amin testified that she has been barred from using the offices at the hospital and has been unable to supervise the flow of x-rays or ensure that her referrals are not stolen or diverted to Dr. Patel, Amin does not challenge the affidavit of the hospital administrator which states that from December 1, 1982, to February 18, 1983, Amin was specified as the radiologist in 27.4% of the requests, and read 134 out of a total of 429 x-rays from February 18, 1983 to February 25, 1983.
 
 
 5
 Amin originally sought both damages and preliminary injunctive relief for an alleged tying arrangement between Hazard ARH and Dr. Patel in violation of Section 1 of the Sherman Act. After a three day hearing, Amin's motion for a preliminary injunction was denied, and based on the evidence adduced at this hearing--including Amin's testimony--and affidavits, the District Court entered summary judgment for the defendants, finding that a tying arrangement did not exist, because the purchase of radiological services did not require the purchase of Dr. Patel's services. The District Court interpreted the Supreme Court's recent decision in Jefferson Parish Hospital District No. 2 v. Hyde, ---- U.S. ----, 104 S.Ct. 1551 (1984), holding that an exclusive contract for anesthesiological services between a hospital and a group of anesthesiologists did not constitute a per se illegal tying arrangement as turning on the failure of the record in that case to contain any evidence that the hospital 'forced' anesthesiological services on unwilling patients. Finding that Amin still performed over 27 per cent of the radiological consultations and that the arrangement with Dr. Patel at most influenced but did not 'force' a physician to choose Dr. Patel, the District Court found no antitrust violation because there was no 'tie' involved.
 
 
 6
 Amin's contention on appeal is that she was not given an opportunity to show evidence of coercion by the hospital. However, Amin testified at the preliminary injunction hearing and was able to introduce affidavits and other documents in an attempt to show coercion, yet at most her evidence indicates an attempt by the hospital to influence the physician's choice of a radiologist, and for the reasons set forth above and set forth in the opinion of the District Court, this is not sufficient to establish a tying arrangement.
 
 
 7
 Accordingly, the judgment of the District Court is affirmed.
 
 
 
 *
 The Honorable Julia S. Gibbons, Judge of the United States District Court for the Western District of Tennessee, sitting by designation
 
 
 [1]
 In pertinent part, 15 U.S.C. Sec. 1 provides:
 Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is declared to be illegal.